STEPHEN K. GOODMAN & ALMON P. STEPHENS,
*Plaintiffs in Error,*

*vs.*

SIDNEY S. BRADLEY, *Defendant in Error.*

ERROR TO THE GRANT COUNTY COURT.

The power given to overseers of highways, by section 11, of Chapter 16 of the Revised Statutes, does not authorise them to take and appropriate to public use, any timber or other material which the owner had prepared for his own use.

The few facts in this case are stated fully and at large in the opinion of the court.

*J. T. Mills,* for the plaintiffs in error, submitted a written argument.

*J. H. Knowlton,* for the defendant in error.

*By the Court,* CRAWFORD, J. This was an action of trover, commenced before a justice of the peace of Grant county, by Goodman against Bradley, to recover the value of certain timber taken from the land of Goodman by Bradley. On the trial before the justice, it appeared in evidence that the timber taken consisted of certain saw logs and square timber, owned by the plaintiff Goodman, and intended by him to be used in part for mechanical purposes; that they were upon the land of the plaintiff, and were taken by the defendant and used in the construction of a bridge on a public highway, the defendant Bradley then being overseer of highways of the road dis-

R

Dec. Term
1853.

Goodman
& Stephens
*vs.*
Bradley. trict in which the land and bridge are situated, in which capacity he entered upon the plaintiff's land and took the timber therefrom. There was also evidence of the value of the timber, submitted, and the jury who tried the case having given a verdict for the plaintiff, the justice rendered a judgment thereon against Bradley, who removed the cause to the County Court by writ of certiorari.

The County Court, upon the hearing, reversed the judgment of the justice of the peace, on the ground that the plaintiff should have applied to the supervisors of the town, in the manner provided by section twelve of chaper sixteen of the Revised Statutes.

The only question presented in this case is, whether an overseer of highways can, by virtue of section eleven, of chapter sixteen, enter upon lands adjoining an highway, and take therefrom, and appropriate to the public use, timber or other materials, which had been theretofore prepared, or set apart for a specific private purpose by the owner.

Independent of a public necessity, the entry upon the lands of another, or the taking of his property, would be unauthorized and illegal, and motives of public policy alone can justify the enactment of such a law as the one under consideration, which empowers a public officer to take the private property of a citizen, and convert it to the use of the public.

But while the law necessarily permits the property of the citizen to be thus taken, the Constitution guards the private rights thus apparently invaded, by providing that " the property of no person shall be taken for public use without just compensation therefor."

The latter part of the section before referred to, (sec. 11,) provides that the overseer, or persons act-

ing under his directions, "may enter upon any unim- Dec. Term 1853.
proved lands adjoining to, or near the highway in his
district, and gather or dig any stones, gravel or sand, Goodman & Stephens
and cut any wood or trees, and take away the same vs. Bradley.
for the purpose of making or improving such highway ;
but any overseer or other person, so entering upon
such lands, shall carefully avoid doing any unneces-
sary injury upon the same."

It certainly could not have been the intention of
the Legislature by this enactment, to authorise an
overseer of highways to appropriate any materials
which he might find adjacent to the highway, and
suitable to his purpose, in making or improving such
highway, for if this be admitted, it would justify the
taking of timber or stone, already prepared by the
citizen, perhaps by the application of much expense
and labor, for the purpose of erecting a dwelling,
or for some other object, the frustration of which
might be attended with consequences much more in-
jurious to him, than could be compensated by the
tardy and perhaps inadequate allowance of the town
supervisors.

The right to enter upon lands is confined to those
which are *unimproved*, and this restriction indicates
the object of the framers of the law, and of the law
as it is framed.

This object evidently was to enable the overseer,
by applying the labor under his control, to prepare
and convert to the public use all such materials, (stones,
gravel, sand or trees,) as may be obtained on lands
adjoining the highway. He may *gather or dig* any
stones, gravel or sand, but he may not take such as
may have been already *gathered or dug*. He may *cut*
any wood or trees, and take them away, but he may

DEC. TERM
1853.

Goodman
& Stephens
*vs.*
Bradley.

not take away wood or trees which have been already cut and hewed (as in this case) by the owner, for some particular purpose.

To give such a construction to this law, as is claimed for it by the counsel for the defendant in error, would be entirely subversive of private rights, and would not, in any manner, serve a wise public policy.

We are fully satisfied that the overseer in this case, had no authority to take the timber which the plaintiff in error had prepared for his private use ; and this being so, he was liable to the plaintiff in this action. The provisions of section twelve can only apply to cases where the property of the person owning adjoining lands has been *properly* and *legally* taken for public use. In such cases, the owner must resort to the remedy provided by the statute.

The judgment of the County Court is reversed, and the judgment of the. justice of the peace is af-firmed, with costs.